**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the District Court be **AFFIRMED.**

Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues. After undertaking *de novo* review of the district court judgment dismissing plaintiff's claims for lack of standing, we now affirm.

Plaintiff has no individual standing to bring a civil rights action under 42 U.S.C. § 1983. The injuries to plaintiff as alleged were indirectly caused by harm to DVS and therefore are not "distinct" from those of the corporation. *See Audio Odyssey, Ltd. v. Brenton First Nat'l Bank*, 245 F.3d 721, 729 (8th Cir.2001); *Potthoff v. Morin*, 245 F.3d 710, 717 (8th Cir.2001). Furthermore, plaintiff has not alleged that his constitutional rights have been violated. *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1057 (9th Cir.2002); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir.1989).

Plaintiff also has no individual standing to bring a breach of contract claim as he was not a party to the construction contract between the City and DVS. Although plaintiff individually was an indemnitor to IFIC under a performance bond—required by the contract and activated at the time of DVS's default—his obligations under his indemnification pledge have been discharged in bankruptcy. Plaintiff is thus a stranger to the agreement.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.

**UNITED STATES of America,**
**Appellee,**

v.

**Darryl PETTEWAY; Dudley Blash; Betty J. Miles; Derrick Ricks; Fernando Espinal; Jose Garcia; Carmelo Pena; James Petteway, also known as June Bug; Clarence Petteway, also known as N'Jai; James Kearney, also known as Ham, Defendants,**

**Robert PEACE, also known as Bug, Defendant–Appellant.**

**No. 02–1534.**

United States Court of Appeals, Second Circuit.

Oct. 28, 2003.

Barry M. Fallick, New York, NY, for Defendant–Appellant.

Bonnie Jonas and James G. Cavoli, Asst. U.S. Attorneys, New York, NY, for Appellee.

Present: OAKES, NEWMAN, and POOLER, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Defendant–Appellant Robert Peace was found guilty after a jury trial in the U.S. District Court for the Southern District of New York (Stein, J.) of one count of Conspiracy to Violate Narcotics Law in violation of 21 U.S.C. § 846. He appeals from a Judgment, dated September 6, 2002, entering his conviction and sentencing him to a term of incarceration of 240 months.

The Government indicted Peace for his alleged involvement in a conspiracy to transport narcotics from New York City for sale in the vicinity of Henderson, North Carolina. Peace was indicted along with ten co-conspirators, six of whom pleaded guilty before trial and one of whom remains a fugitive. He was charged with conspiracy to distribute both cocaine and crack cocaine. Peace's trial with three co-defendants—Darryl Blash, James Petteway, and Clarence Petteway—was conducted between May 5 and May 27, 1999. After five days of deliberation, the jury convicted Peace of conspiracy to distribute crack cocaine, but acquitted him of conspiracy to distribute cocaine.

This appeal concerns statements made to the jury by Judge Stein during the jury's deliberations. Peace does not so much contend that the *substance* of any statement made by Judge Stein to the jury was improper, but rather that impropriety arises from the *number* of times that Judge Stein addressed the jury. That is, Peace asserts that "the jurors were coerced into returning [a] guilty verdict as a result of the repeated instructions by the trial court during their deliberations period" and that the jury "was clearly deadlocked and it was the repeated instructions from the court which pushed them to come to a verdict and convict Mr. Peace." Further, although he asserts that the statements made by Judge Stein "were not technically the traditional *Allen* charges," Peace couches his argument in terms of *Allen* charge jurisprudence.

This argument has no merit. This Court reviews a district court's giving of an *Allen* charge pursuant to an abuse of discretion standard. *See U.S. v. Crispo,* 306 F.3d 71, 77 (2d Cir.2002). We recently set forth the parameters of a proper *Allen* charge as follows:

"It has long been established that when a trial court receives notice that the jury is deadlocked it may give a charge, commonly referred to as an '*Allen*' charge, that urges the jurors to continue deliberations in order to reach a verdict" *[Smalls v. Batista,* 191 F.3d 272, 278 (2d Cir.1999).]* The district court has dis-

cretion to give such a charge in order to encourage a deadlocked jury to reach a unanimous verdict, *Lowenfield v. Phelps,* 484 U.S. 231, 237–38, 108 S.Ct. 546, 98 L.Ed.2d 568 (1988), provided that it does not "coerce undecided jurors into reaching a verdict by abandoning without reason conscientiously held doubts." *United States v. Ruggiero,* 928 F.2d 1289, 1299 (2d Cir.1991).

*U.S. v. Henry,* 325 F.3d 93, 106 (2d Cir. 2003).

It is not entirely clear what Peace means by the phrase "traditional *Allen* charges," but only two of the several statements made by Judge Stein to the jury during the course of its deliberations can be said to amount to encouragements to the jury to reach a unanimous verdict. Taken by themselves, these statements are clearly not coercive, but in fact admonish individual jurors to decide the case according to individual conscience even given the desirability of achieving a verdict. Further, considering together all of the statements made by Judge Stein to the jury, it cannot be reasonably inferred that the jury that convicted Peace was coerced by Judge Stein into returning a guilty verdict.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**